**In re ELLE, Ltd., Debtor.**

**Civ. A. No. 87–5336.**

United States District Court,
E.D. Louisiana.

Sept. 23, 1988.

Ronald A. Welker, New Orleans, La., for debtor.

Ronald J. Harris, applicant pro se.

Jean O. Turner, trustee.

WICKER, District Judge.

This is an appeal from an order of the Bankruptcy Court awarding Ronald J. Harris the sum of $100.00 as compensation for his services as attorney for the debtor.

After considering the pleadings, the briefs and arguments of counsel and the applicable law, the Court AFFIRMS the

judgment of the Bankruptcy Court for the following reasons:

Bankruptcy judges have wide discretion in determining attorneys fees in proceedings before them. *Matter of U.S. Golf Corp.*, 639 F.2d 1197 (5th Cir.1981); *First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). The bankruptcy judge's determination of attorneys fees will only be reversed on appeal if it was an abuse of discretion. *Matter of U.S. Golf,* 639 F.2d at 1201. Such an abuse only occurs when the judge fails to apply the proper legal standard or to follow the proper procedures in making the determination, or bases the award upon findings of fact that are clearly erroneous. *Id.* The bankruptcy judge's order awarding appellant $100.00 of attorney's fees was short, but it did state that it was made after "considering the statements of counsel, the evidence adduced herein and the record...." This Court determines that the $100.00 award of attorney's fees was not an abuse of discretion.

In the case at bar, debtor applied to the Bankruptcy Court to employ appellant Ronald Harris as its attorney on December 22, 1985. The application included a statement by the debtor that the attorney's fee would be $500.00. In his appeal, Mr. Harris contends that he should be awarded the $500.00 since that was the fee that was agreed upon, that his work warrants the $500.00 fee, and that he should not be paid less than the C.P.A. who was awarded a fee of $695.00. Appellant has not shown the Court that the work he did for the debtor was worth more than the $100.00 award. Appellant did not specifically list his activities done for the debtor, the time involved, his fee requested for each activity, or proof of the reasonableness of his requested fee. Appellant stated that he had debtor's case reinstated after it had been dismissed, had it converted to a Chapter 7 and proceeded to its completion. The only specific task that he states he did for the debtor was to notify 37 creditors of the hearing date by certified mail. The appellant has not proven to the Court that the bankruptcy judge's award of $100.00 was an abuse of his discretion.

Accordingly, this Court affirms the decision of the bankruptcy judge and finds that the award of $100.00 of attorney's fees for appellant's work was within his discretion.